UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY BOECK, Individually and as
 Parent and Natural Guardian of Z.B.,

                         Plaintiff,

                                                **DECISION AND ORDER**
                                                      10-CV-667A

        v.

PACIFIC CYCLE, INC.,

                         Defendant.

**I.    INTRODUCTION**

Pending before the Court is a motion (Dkt. No. 3) by plaintiffs Gregory Boeck and his minor son to remand this case to New York State Supreme Court, Erie County. Plaintiffs seek remand on the grounds that the damages sought in this case are only $74,900, just under the jurisdictional threshold for diversity cases, and not the $80,000 requested in a pre-suit settlement demand. Plaintiffs also seek attorney fees on the grounds that defendant's removal was untimely. Defendant opposes remand on the grounds that its removal was timely and that plaintiffs' new estimate of damages is little more than gamesmanship. The Court has deemed the motion submitted on papers pursuant to Rule 78(b) of the Federal Civil Rules of Civil Procedure. For the reasons below, the Court grants the motion.

## II. BACKGROUND

This product-liability case concerns allegations that a glider swing was defective in an unspecified way that led the infant plaintiff to fall off of it, causing him injuries including multiple fractures. For several months before commencing litigation, plaintiffs communicated with defendant to try to settle the case. On more than one occasion, including in correspondence dated April 13 and May 25, 2010, plaintiffs gave defendant a written settlement demand of $80,000. (*See* Dkt. No. 3-9.) Defendant's highest counteroffer appears to have been $3,000. Consequently, plaintiffs filed a summons and complaint on July 1, 2010 in New York State Supreme Court, Erie County. Pursuant to N.Y. CPLR 3017(c), plaintiffs' complaint did not include a demand for a specific amount of damages.[1] Plaintiffs served the summons and complaint on the New York Secretary of State on July 12, 2010; defendant received the papers on July 19, 2010. There is no evidence that defendant ever requested a supplemental demand, pursuant to CPLR 3017(c), setting forth total damages sought.[2]

---

[1] "In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." CPLR 3017(c).

[2] "[A] party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself
2

Defendant removed this case to this Court on August 12, 2010, citing 28 U.S.C. § 1332. In support of its removal, defendant noted that it is a Wisconsin corporation while plaintiffs reside in New York. Additionally, defendant cited plaintiffs' pre-suit settlement demand of $80,000 as evidence that the amount in controversy in this case exceeds the $75,000 threshold required by Section 1332. Finally, defendant asserted that it removed the case timely under 28 U.S.C. § 1446(b) because it filed removal papers within 30 days of receiving the summons and complaint on July 19, 2010.

One week after defendant filed its removal papers, plaintiffs filed the pending motion for remand on August 19, 2010. Plaintiffs cite two arguments in favor of remand. First, plaintiffs assert that the amount in controversy is only $74,900, as they explained to defendant in correspondence dated August 13, 2010. Second, plaintiffs contend that defendant's removal is untimely because it occurred on August 12, 2010, 31 days after plaintiffs served the summons and complaint on the New York Secretary of State on July 12, 2010. In addition to the arguments in favor of remand, plaintiffs assert in their motion that the motion is timely and that they are entitled to attorney fees under 28 U.S.C. § 1447(c) because the removal was improper. In opposition to the motion to remand,

---

entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request." CPLR 3017(c).

defendant asserts that the pre-suit settlement demand of $80,000 controls any determination of the amount in controversy.  Defendant asserts also that its removal was timely because actual receipt of a summons and complaint controls the time for removal when a plaintiff serves a corporation by way of the New York Secretary of State.

## III. DISCUSSION

### A. *Remand Generally*

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1446(c).  "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."  *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citations omitted).  "Courts are directed to strictly construe removal statutes, and resolve any ambiguity in favor of remand to state court."  *Levine v. Capital One Bank*, No. 10 Civ. 0241, 2010 WL 335597, at *1 (E.D.N.Y. Jan. 27, 2010) (citation omitted).  The Court will assess plaintiffs' motion in this context.

### B. *Amounts in Controversy Under New York Law*

The most important issue that the parties present in the pending motion is whether a written, pre-suit settlement demand can establish the amount in

4

controversy in a case, for purposes of determining diversity jurisdiction. To resolve this issue, the Court will review the two ways in which a plaintiff in any case winds up establishing the amount in controversy. Those two ways appear in the two paragraphs of 28 U.S.C. § 1446(b).

The first way to establish the amount in controversy, pursuant to the first paragraph of Section 1446(b), is to state the amount in "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (citations omitted). Here, CPLR 3017(c) prohibited plaintiffs from claiming any amount in the "initial pleading" here, the complaint. Since removal, plaintiffs have not filed any amended complaint on their own that set forth a claim for a specific amount. The first paragraph of Section 1446(b) thus cannot help to resolve the main issue in the pending motion.

The second way to establish the amount in controversy, pursuant to the second paragraph of Section 1446(b), is to examine any subsequent "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See also CenterMark*, 30

5

F.3d at 305 ("Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record.") (citations omitted). The second paragraph of Section 1446(b) gives defendants a one-year window within which to act when federal jurisdiction is not obvious from the face of the complaint but becomes obvious through later filings or proceedings. The second paragraph of Section 1446 has one important limitation, however: Any "other papers" examined must post-date the initial pleading. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) ("By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading."); *see also Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[W]e will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper. This test that we adopt is consistent with that espoused by the Third and Fifth Circuits.") (citations omitted). Here, the parties have filed no amended pleadings or motions other than the pending motion itself. The only "other paper" that defendant submits for consideration is plaintiffs' settlement demand of $80,000, submitted more than once but no later than May 25, 2010. That settlement

demand pre-dated the complaint and thus forms no part of the claims framed in the complaint. Any post-complaint documents available in this case so far tend to suggest an amount in controversy below the jurisdictional threshold. As a result, the second paragraph of Section 1446(b) also cannot help defendant meet its burden of establishing proper removal.

As a side note, the Court notes that the remand that is necessary here could have been avoided with one extra procedural step in state court. "The Court notes that Defendant[] [has] not availed [itself] of the provisions of Section 3017(c) of the New York Civil Practice Laws and Rules, which allows defendants to request, at any time, a supplemental demand setting forth the total damages to which the pleader deems himself entitled. Had [it] done so before attempting to remove this action, Defendant[] may have been in a position to ascertain the existence of the amount in controversy in a manner sufficient to meet [its] burden on removal." *Abbas v. Kienzler*, No. 10-CV-5100, 2010 WL 5441663, at *2 (E.D.N.Y. Dec. 23, 2010) (citation omitted); *see also Pinson v. Knoll, Inc.*, No. 07 Civ. 1739, 2007 WL 1771554, at *3 n.3 (S.D.N.Y. June 18, 2007) ("[D]istrict courts counsel defendants to take advantage of N.Y. C.P.L.R. section 3017(c)'s request for damages provision before filing a notice of removal in federal court, in order to avoid being remanded to state court for failure to prove that they have met the amount in controversy requirement.") (citation omitted).

7

### C. *Timeliness of Removal and Attorney Fees*

Plaintiffs' remaining arguments for remand require only brief consideration. Plaintiffs insist that defendant's removal was untimely, but "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (citations omitted). As for attorney fees, the Court is not aware of any Second Circuit ruling explicitly joining the Third, Fourth, and Fifth Circuits in the analysis of post-dated "other papers" espoused in *Chapman*. Consequently, and because defendant's filing cannot be considered untimely under *Moltner*, the Court finds that defendant's removal was not a proceeding that should be sanctioned with an award of attorney fees.

### IV. CONCLUSION

For all of the foregoing reasons, the Court grants plaintiffs' motion for remand (Dkt. No. 3). The Clerk of the Court is directed to remand this case to New York State Supreme Court, Erie County.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 12 , 2011